UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMIN L. DIXON,

          Petitioner,

v.                                                                          CASE NO.  13-14826

                                    HONORABLE GERSHWIN A. DRAIN

CATHERINE BAUMAN,

          Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY (ECF No. 13)
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

This matter is pending before the Court on Petitioner's motion for a stay of these proceedings and to hold his habeas corpus petition in abeyance pending exhaustion of state remedies.  For the reasons that follow, the motion is granted.

## I.  Background

Petitioner commenced this action in late 2013 by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's state convictions for one count of attempted murder, Mich. Comp. Laws § 750.91, two counts of poisoning food, drink, medicine, or water, Mich. Comp. Laws § 750.436, and one count of witness intimidation, Mich. Comp. Laws § 750.122.  The trial court sentenced Petitioner to four concurrent terms of twenty-two and a half to forty years in prison.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion, *see People v. Dixon*, No. 300575, 2011 WL 6187063 (Mich. Ct. App. Dec. 13, 2011), and on October 22, 2012, the Michigan Supreme Court denied leave to appeal.  *See People v. Dixon*, 493 Mich. 867;

821 N.W.2d 544 (2012) (table).

Petitioner filed his habeas petition on November 22, 2013.  He claims that:  (1) the trial court violated his constitutional rights by not permitting him to cross-examine a jailhouse informant; (2) his conviction for aiding and abetting attempted murder was based on insufficient evidence; (3) his convictions for attempted murder by poisoning and the separate crime of poisoning violate the Double Jeopardy Clause; (4) the State prosecuted him for arbitrary reasons; (5) the prosecutor committed misconduct by pursuing inconsistent theories against Petitioner and his co-defendant; (6) the trial court violated his right to due process by allowing the prosecution to amend count two after the prosecution rested its case, and trial counsel was ineffective for failing to object; (7) his conviction for aiding and abetting a poisoning was based on insufficient evidence; (8) trial counsel was ineffective for conceding Petitioner's guilt on three counts; (9) irrelevant and prejudicial evidence was admitted over objection, and the prosecutor was allowed to present a prejudicial argument about the evidence without a proper foundation; and (10) the prosecutor argued facts not in evidence, misstated evidence, and bolstered the informant's testimony.

On February 28, 2014, respondent Catherine Bauman filed an answer to the habeas petition in which she alleges, among other things, that Dixon did not exhaust state remedies for claims two, six, and seven.  Specifically, Respondent contends that Petitioner failed to raise his second and seventh claims regarding the sufficiency of the evidence as federal constitutional issues in state court.  Additionally, Respondent contends that Petitioner he did not raise the ineffective-assistance-of-counsel portion of his sixth claim in any state court.

2

After Respondent filed her answer to the habeas petition, Petitioner moved for an extension of time to file a reply to the answer.  In an order dated May 8, 2014, the Court granted Petitioner's motion for an extension of time and directed him to address Respondent's allegation that he failed to exhaust state remedies for all his claims.  The Court stated in its order that, if Petitioner agreed with Respondent on the exhaustion issue, he could return to state court and exhaust state remedies or he could resubmit his habeas petition to this Court with only the exhausted claims.  Petitioner responded to the Court's order by filing a motion for a stay.  He states in his motion that he would like the Court to hold his habeas petition in abeyance while he returns to state court and pursues state remedies for his unexhausted claims.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).  To properly exhaust state remedies, prisoners must fairly present the factual and legal basis for each claim to the state court of appeals and to the state supreme court before raising their claims in a federal habeas corpus petition.  *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

The Court disagrees with Respondent on whether Petitioner failed to exhaust state remedies for his seventh claim regarding the sufficiency of the evidence for the poisoning conviction.  Petitioner raised that issue as claim five in his *pro se* brief before the Michigan Court of Appeals, and he cited *Jackson v. Virginia*, 443 U.S. 307 (1979), as support for his claim.  He also raised the claim in the Michigan Supreme Court.  Therefore, habeas claim

seven is exhausted, and Petitioner need not raise that issue in state court.

The Court nevertheless agrees with Respondent that Petitioner failed to exhaust state remedies for his second claim regarding the sufficiency of the evidence supporting the attempted-murder conviction.  Petitioner raised the claim in state court as an issue of state law, rather than relying on any federal constitutional law to support his claim.  The Court also agrees with Respondent that Petitioner failed to exhaust state remedies for the portion of his sixth claim that argues trial counsel was ineffective for failing to object when the prosecutor amended count two of the criminal information.  Petitioner did not raise that issue in any state court.

The Court concludes that the habeas petition is a "mixed" petition of exhausted and unexhausted claims.  A district court ordinarily must dismiss a petition containing both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), but a dismissal of this case for failure to exhaust remedies in all likelihood would result in a subsequent habeas petition being barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).  When faced with a similar dilemma, some courts have adopted a "stay-and-abeyance" procedure, which enables a federal court to stay an action and hold a habeas petition in abeyance while the inmate returns to state court to exhaust state remedies for previously unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  After the petitioner exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court.  *Id.* at 275-76.

This stay-and-abeyance procedure is appropriate in "limited circumstances," *id.* at 277, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

engaged in intentionally dilatory litigation tactics." *Id.* at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.* at 278.

Petitioner has not alleged "good cause" for his failure to exhaust state remedies for all his claims before filing his habeas petition, but his unexhausted claims are not plainly meritless, and he is not engaged in dilatory litigation tactics. Furthermore, in the Court's previous order, the Court offered Petitioner the option of returning to state court if he agreed with Respondent that some of his claims were unexhausted. Under the circumstances, it is not an abuse of discretion to stay these proceedings while Petitioner pursues additional state remedies.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a stay (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall raise his two unexhausted claims in state court within **ninety (90) days** of the date of this order if he has not already filed a post-conviction motion raising those claims.

**IT IS FURTHER ORDERED** that, if Petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition and a motion to re-open this case within **ninety (90) days** of exhausting state remedies. The motion and amended petition shall include the same caption and case number that appear on this order. Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *petition for cert.*

*filed,* No. 14-7246 (U.S. Nov. 7, 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2015